IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JARET NAVEDO-MELENDEZ,<br>a/k/a "Fifty", "El Negro", "El Feo", "La Negra",<br>"Yaret Navedo-Melendez"<br>Defendant. | CRIM. NO. 10-444-08 (FAB)<br>16-591-01 (FAB)<br><br>**RECEIVED AND FILED**<br>**OCTOBER 20, 2021 AT 10:10 A.M.**<br>**OFM** |

**PLEA AGREEMENT**

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Jaret Navedo-Melendez, and Defendant's counsel, Diego H. Alcala-Laboy, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One in case number 10-444 (FAB) and Counts One & Six in case number 16-591 (GAG):

*Case Number 10-444 (FAB)*

**Count One**: Conspiracy to Possess with Intent to Distribute Controlled Substances

Beginning on a date unknown, but no later than in or about the year 2007, and continuing up to and until the return of the Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, defendant, [8] Yaret Navedo-Melendez and other persons, did knowingly and intentionally combine,

conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule, Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the Vista Hermosa Public Housing Project, a housing facility owned by a public housing authority; and the Evaristo Rivera Chevremont Elementary School; all located within the municipality of San Juan, Puerto Rico. All in violation of Title 21, *United States Code*, Sections 841(a)(1), 846, and 860.



*Case Number 16-591 (GAG)*

**Count One**: Conspiracy to Possess with Intent to Distribute Controlled Substances

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, defendant, [1] Jaret Navedo-Melendez and other persons, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known

and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Vista Hermosa Public Housing Project (hereinafter "Vista Hermosa"), a housing facility owned by a public housing authority, within one thousand (1,000) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, *United States Code,* Sections 841(a)(1), 846, and 860.



**Count Six**: Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of

San Juan, District of Puerto Rico and within the jurisdiction of this Court, [1] Jaret Navedo-Melendez and other persons, aiding and abetting each other, did knowingly possess firearms, of unknown make and caliber, as that term is defined in Title 18, *United States Code*, Section 921(a)(3), in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, as charged in Count One of the Indictment in case number 16-591 (GAG). All in violation of Title 18, *United States Code*, Section 924(c)(1)(A) and 2.

### 2. Stipulation as to the Amount of Narcotics



As to Count One of the Indictments in case numbers 10-444 (FAB) & 16-591 (GAG), the United States and the defendant stipulate and agree that for sentencing guideline purposes, the defendant shall be held accountable for at least 2 kilograms but less than 3.5 kilograms of cocaine. The defendant acknowledges the Court is not required to accept the parties' stipulation regarding the applicable drug weight.

### 3. Maximum Penalties

#### *Count One: Case Numbers 10-444 (FAB) & 16-591 (GAG)*

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00), and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, *United States Code*, Sections 841(b)(1)(A), 846, and 860.

However, for purposes of this plea agreement, the defendant is being held

responsible for the possession of at least 2 kilograms but less than 3.5 kilograms of cocaine. Therefore, if the Court accepts this stipulation, the defendant faces a minimum term of imprisonment of five (5) years up to a maximum term of imprisonment of eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not less than eight (8) years in addition to any term of incarceration, pursuant to Title 21, *United States Code*, Sections 841(b)(1)(B), 846, and 860.

*16-591 (GAG)*

Count Six: The statutory penalty for the offense charged in Count Six of the Indictment, is a term of imprisonment of not less than five (5) years, but not more than life imprisonment; and a term of supervised release of not more than five (5) years. The Court may also impose a fine not to exceed $250,000.00, pursuant to Title 18, *United States Code,* Sections 924(c)(1)(A)(i), 3571(b)(3), and 3583(b)(1).

### 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges

that the Court is not required to accept those recommended Guidelines calculations.

*10-444 (FAB) & 16-591 (GAG)[1]*



| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 21 U.S.C. § 841(a)(1), 846, and 860 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(7) (Possession of at least 2 kilograms but less than 3.5 kilograms of cocaine) | | | | | 26 |
| Protected Location pursuant to U.S.S.G. § 2D1.2(a)(1) (Distribution within 1000ft. of PHP/School) | | | | | +2 |
| Aggravating Role pursuant to U.S.S.G. § 3B1.1 (Organizer or Leader) | | | | | +4 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **29** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 87-108 | 97-121 | 108-135 | 121-151 | 140-175 | 151-188 |

*16-591 (GAG)*

| COUNT SIX 18 U.S.C. § 924(c)(1)(A)(i) |
|---|
| **A minimum consecutive term of imprisonment of sixty (60) months** |

### 9. Sentence Recommendation

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that as to Count One in case numbers 10-444 (FAB) and 16-591 (GAG), the defendant will request a sentence not less than ninety-six (96)

---

[1] Counts One in case numbers 10-444 (FAB) and 16-591 (GAG) are grouped together pursuant U.S.S.G. § 3D1.2.

months imprisonment, regardless of criminal history category, and the United States will request a sentence not greater than one hundred twenty (120) months imprisonment, regardless of criminal history category. The defendant understands this Count carries a minimum mandatory sentence of sixty (60) months imprisonment. The parties also understand that the agreed upon sentencing recommendation may constitute a variant sentence.

As to Count Six in case number 16-591 (GAG), and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment of sixty (60) months, regardless of criminal history category. The defendant recognizes there is a sixty (60) month minimum mandatory sentence, which must be served consecutive to the sentence imposed in Counts One in 10-444 (FAB) and 16-591 (GAG), and any other sentence imposed.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court as to Count One in 10-444 (FAB) and 16-591 (GAG) is one hundred twenty (120) months or less; and as to Count Six in 16-591 (GAG) is a

consecutive sentence of sixty (60) months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Diego H. Alcala-Laboy, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

> a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement



No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if,

after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**INTENTIONALLY BLANK**

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

Max Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 10/4/21

Diego H. Alcala-Laboy
Counsel for Defendant
Dated: 10-19-2021

Vanessa E. Bonhomme
Assistant U.S. Attorney
Dated: 10/4/2021

Jaret Navedo-Melendez
Defendant
Dated: 10-19-2021

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 10/19/2021

Jaret Navedo-Melendez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 10/19/2021

Diego H. Alcala-Laboy
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Jaret Navedo-Melendez admits that Defendant is guilty as charged in the Indictment and admits the following:

### *10-444 (FAB)*

From in or about 2007 to the date of the return of the Indictment, defendant **[8] YARET NAVEDO-MELENDEZ, aka "Fifty"**, along with others did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; a mixture of substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known a Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of the Vista Hermosa Public Housing Project, a housing facility owned by a public housing authority; and the Evaristo Rivera Chevremont

Elementary School; all located within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, *United States Code*, Sections 841(a)(1), 846, and 860.

The object of the conspiracy was to distribute controlled substances at the Vista Hermosa Public Housing Project in San Juan, Puerto Rico and other areas within the Municipality of San Juan; all for significant financial gain and profit. Defendant [8] YARET NAVEDO-MELENDEZ, aka "Fifty", was the owner of the Rocawear drug point and also acted as an enforcer for the drug trafficking organization. As a drug point owner, the defendant was responsible for directly supervising the activities at the drug point. While multiple kilograms of heroin, cocaine, cocaine base (crack), and marijuana were distributed during the conspiracy, for purposes of this plea agreement the defendant acknowledges that during the span of this conspiracy he possessed with intent to distribute at least 2 kilograms but less than 3.5 kilograms of cocaine.

## *16-591 (GAG)*

Beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, District of Puerto Rico and within the jurisdiction of this Court, Jaret Navedo-Melendez and his co-defendants did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug

Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Vista Hermosa Public Housing Project (hereinafter "Vista Hermosa"), a housing facility owned by a public housing authority, within one thousand (1,000) feet of a real property comprising a public or private elementary, vocational, or secondary school, and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 860.

Specifically, Jaret Navedo-Melendez acted as a leader for this drug trafficking organization. As leader, the defendant directly controlled and supervised the drug trafficking activities of all of the drug points located within Vista Hermosa. The defendant also admits he possessed firearms and allowed members of the conspiracy to carry/possess such firearms and ammunition in furtherance of the drug trafficking crime in order to protect the drug distribution activities.

Several kilograms of cocaine, cocaine base (crack), heroin, a detectable amount of marijuana, and Oxycodone and Alprazolam were sold during the course of the conspiracy, however for purposes of his plea agreement, the defendant is held responsible for the possession with intent to distribute and the distribution of at least 2 kilograms but less than 3.5 kilograms of cocaine. This all occurred within 1,000 feet of a housing facility owned by a public housing authority, within 1,000 feet of a property comprising a public or private elementary, vocational, or secondary school, and within 1,000 feet of a playground. The defendant also possessed firearms in furtherance of the drug trafficking conspiracy in order to protect himself, his organization, and to further his drug trafficking organization. Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Jaret Navedo-Melendez is guilty as charged in Count One of case number 10-444 & 16-591 and Count Six in case number 16-591. Discovery was timely made available to Defendant for review.

_____
Vanessa E. Bonhomme
Assistant U.S. Attorney
Dated: 10|4|2021

_____
Diego H. Alcala-Laboy
Counsel for Defendant
Dated: 10-19-2021

_____
Jaret Navedo-Melendez
Defendant
Dated: 10-19-2021